NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0237n.06

Case No. 23-5469

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ANTONIO MARK HARVEY, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

FILED
Jun 04, 2024
KELLY L. STEPHENS, Clerk

Before: COLE, GRIFFIN, and READLER, Circuit Judges.

COLE, Circuit Judge. A jury found Antonio Harvey guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After the verdict was rendered, Harvey filed a motion for judgment of acquittal pursuant to Fed. Rule Crim. Pro. 29(c), which the district court denied. The sole issue on appeal is whether the government produced sufficient evidence at trial to prove that Harvey knowingly possessed the firearm. Because there was sufficient evidence for the jury to find that Harvey constructively possessed the gun, we affirm the district court.

I.

On October 28, 2021, the Johnson City, Tennessee Police department responded to a call reporting suspicious activity between occupants of a green Jeep Cherokee and a red sedan in a parking lot adjacent to a running trail. By the time the responding officers arrived, there were three people in the Jeep, all of whom had prior felony convictions. Harvey was the sole occupant of the red sedan.

Investigator Kirt Stillwagon, a member of the Johnson City Criminal Investigation Division who specializes in "investigat[ing] narcotics and vice-related crimes," was not one of the initial responders, but he did lead the investigation. (Trial Trans., R. 83, PageID 1442.) By the time Stillwagon arrived, the responding officers had already detained Harvey in the back of a patrol vehicle. (*Id.* at Page ID 1445.)

Stillwagon first searched the Jeep as part of his investigation, where he found a black backpack containing a Ruger 9-millimeter handgun, a few t-shirts, and a debit card with Harvey's name on it. (*Id.* at PageID 1447–48.) The Ruger was the only firearm found, and it is the only firearm at issue in this case. At some point before finishing his onsite investigation, Stillwagon learned that Harvey had a felony conviction, which meant that Harvey was prohibited from possessing a firearm—including the Ruger handgun found in what police thought was his backpack. Stillwagon then took Harvey to the police station for questioning. Stillwagon did not have any contact with the Jeep's three occupants.

Harvey eventually admitted to owning the gun during his interview with Stillwagon. At first, Harvey denied knowing anything about the gun, and he made various statements indicating that it was not his. He stated, for example, that he "[didn't] know nobody with a gun," and that his "fingerprints ain't even on the gun." (Interview Trans., R. 85-1, PageID 1549, 1551.) Harvey also tried to distance himself from the gun by stating that he was not in the green Jeep when the police arrived and that the gun "wasn't supposed to be in [his] bag." (*Id.* at PageID 1552.) But Harvey quickly changed course. He then admitted to buying the gun from a man named Wes "about a week ago," outside of a hotel in Johnson City. (*Id.* at PageID 1556.) Harvey initially claimed that he bought the gun for "about ten dollars," but after Stillwagon expressed disbelief about that price, Harvey said that he paid $150. (*Id.* at PageID 1550, 55−56.)

Harvey was indicted on a single count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) on December 14, 2021. After a continuance and two separate change-of-plea hearings, Harvey pleaded guilty on July 6, 2022. But the district court rejected the plea agreement at sentencing, and a jury trial was held in February 2023.

Stillwagon was the government's primary witness at trial. He walked the jury through his investigation, first noting that Harvey was already detained in the back of a patrol car when he arrived. Stillwagon explained that he found Harvey's backpack—which contained the handgun, two t-shirts, a can of "men's body spray," and a debit card with Harvey's name on it—in the back of the Jeep. The jury was shown pictures of the gun and debit card, and another picture showing the contents inside of the backpack. Stillwagon told the jury about the interview where Harvey admitted to buying the gun, and the jury was shown a video of that same interview.

Harvey's strategy at trial was to poke holes in the government's case by presenting alternative theories of ownership for the gun. He suggested that one of the Jeep's three occupants planted the gun in his backpack, that Stillwagon should have interviewed the other three suspects, and that the police should have checked the gun for fingerprints. (Trial Trans., R. 83, PageID 1505, 1509−11.) Harvey also attempted to undermine the contents of the video interview by arguing that he was just "coming up with random information" to give Stillwagon, in an apparent attempt to "t[ake] the charges." (*Id.* at 1506−07.)

The jury sided with the government and found Harvey guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Harvey filed a motion for judgment of acquittal, which the district court denied. Harvey then brought this appeal, arguing that the government did not meet its burden of producing sufficient evidence at trial to prove that he knowingly possessed the firearm.

II.

Harvey argues that the district court should have granted his motion for judgment of acquittal because the government did not provide sufficient evidence to support his conviction. We review de novo a district court's refusal to grant a motion for judgment of acquittal. *United States v. Kone*, 307 F.3d 430, 433 (6th Cir. 2002). Evidence is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Crump*, 65 F.4th 287, 294 (6th Cir. 2023) (citation omitted). "This rule applies whether the evidence is direct or circumstantial," and "[i]t is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." *Kone*, 307 F.3d at 434 (brackets omitted). Further, in making this determination, "[w]e can neither independently weigh the evidence, nor make our own assessment of the credibility of the witnesses who testified at trial." *United States v. Garcia*, 758 F.3d 714, 718 (6th Cir. 2014).

III.

To obtain a conviction under § 922(g)(1), the government had to prove beyond a reasonable doubt that Harvey (1) had a prior felony conviction; (2) knew of his felon status; (3) knowingly possessed a firearm; and that (4) the firearm had traveled through interstate commerce. *Crump*, 65 F.4th at 293. Here, the sole element in dispute is whether a rational juror could find beyond a reasonable doubt that Harvey knowingly possessed the gun.[1]

Under the statute, "a defendant may be convicted based on either actual or constructive possession of a firearm." *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007). The government contends that Harvey had only constructive possession. (Appellee Br. at 5).

---

[1] The parties stipulated to the first two elements at trial. (Trial Trans., R. 83, PageID 1443−44.) And the government's second witness, Special Agent Williams, testified that the gun was manufactured in Arizona, satisfying the fourth element regarding interstate commerce. (*Id.* at PageID 1489.)

"Constructive possession exists when a person does not have possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Grubbs*, 506 F.3d at 439 (citation omitted). Constructive possession has certain boundaries. Specifically, "presence alone near a gun does not show the requisite knowledge, power, or intention . . . to prove constructive possession." *Id.* (cleaned up). And "it is not enough that the defendant possessed a firearm at some unidentified point in the past." *Id.* (stating "the evidence must prove that the defendant possessed the same handgun identified in the indictment") (quotation marks and citation omitted). Instead, "to tip the scale in favor of sufficiency," constructive possession requires "[o]ther incriminating evidence, coupled with presence." *Id.* (quotation marks and citation omitted).

There was sufficient evidence for a rational trier of fact to find that Harvey had constructive possession of the Ruger handgun. Stillwagon's testimony and the government's photo exhibits showed the jury that the handgun was present in Harvey's backpack next to, amongst other things, a debit card with Harvey's name on it. (Submitted Exhibits, R. 61, Page ID 721). The jury also saw a video providing additional "incriminating evidence" in which Harvey confessed to buying the handgun just a week prior. *See Grubbs*, 506 F.3d at 439; (Trial Trans., R. 83, Page ID 1450−57). Here, "[t]aken together, the circumstantial evidence of [Harvey's] possession plus his own statements" show that a rational jury could have found constructive possession here beyond a reasonable doubt. *See United States v. Newsom*, 452 F.3d 593, 610 (6th Cir. 2006). Put otherwise, the "circumstantial evidence of [Harvey's] possession [was] bolstered" by his confession, thereby "establishing that [Harvey] at least knew of the gun's presence, and . . . conceding that he actually possessed it at some point." *Id.* at 609.

Harvey's argument on appeal parallels his trial strategy; he claims there is insufficient evidence by arguing that Stillwagon's investigation had holes in it. (*See* Appellant Br. at 24) (arguing that Harvey "protested that his 'fingerprints ain't on the gun,'" stated "that the gun was not supposed to be in his backpack," and "also alluded to the three known felons who had occupied the vehicle where the gun was found"). The facts Harvey highlights do undermine certain aspects of Stillwagon's investigation. But in making our determination, "[w]e must view *all* of the evidence. . . in the light most favorable to the prosecution, then ask whether any rational trier of fact could have found beyond a reasonable doubt that" Harvey possessed the gun. *See Garcia*, 758 F.3d at 719. Further, to the extent Harvey attempts to attack Stillwagon's credibility, "we are bound to resolve credibility issues in support of the jury's verdict" when "reviewing this insufficiency-of-the-evidence claim." *See Newsom*, 452 F.3d at 609.

Here, Harvey confessed to buying the gun just a week before it was found in a backpack that he admitted was his own. At trial, the jury was shown a video of Harvey's confession and a picture of where that same handgun was found. Given these facts, a rational juror could have found that Harvey had constructive possession of the gun.

IV.

Because the evidence here was sufficient for the jury to find that Harvey possessed the handgun, we affirm.